**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Curtis Evan Bivins, | No. CV-12-1097-PHX-ROS (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint and Second Supplemental Complaint, filed November 8, 2012. (Doc. 27)

Plaintiff filed a four-count Prisoner Civil Rights Complaint on May 23, 2012. (Docs.1, 8[1]) On June 20, 2012, the Court mandatorily screened the Complaint pursuant to 28 U.S.C. § 1915A(a) and granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 12) The Court liberally construed Plaintiff's Complaint and ordered Defendants Baird and Adatutu to answer the Complaint. (*Id.* at 9) The Court dismissed the remaining claims and Defendants. The summons for both Defendants were returned unexecuted. (Docs. 15 (Adututu) and 20 (Baird))

Plaintiff filed a First Amended Complaint on August 22, 2012. (Doc. 21) After screening the First Amended Complaint, as required by statute, the Court ordered Defendant

---

[1] This identical copy of the Complaint is more legible.

1 Baird to answer Count Three of the First Amended Complaint. (*Id.* at 10) All remaining
2 claims and Defendants were dismissed. (*Id.*) Plaintiff was ordered to return the service
3 packet for Defendant Baird within 21 days of that Order, namely September 12, 2012. (*Id.*)
4 To date, Plaintiff has not returned the service packet.

5 Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 4(m) requires a plaintiff to serve all
6 defendants with a copy of the summons and complaint within 120 days of filing the
7 complaint. Pursuant to Rule 4(m), "[i]f a defendant is not served within 120 days after the
8 complaint is filed, the court - on motion or on its own after notice to the plaintiff - must
9 dismiss the action without prejudice against that defendant or order that service be made
10 within a specified time. . . ." If, however, the plaintiff shows good cause for the failure to
11 serve, the district court "[m]ust extend the time for service for an appropriate period . . . ."
12 Thus, a district court may dismiss an action where a plaintiff fails to show "good cause" for
13 failing to serve the summons and complaint within the 120-day deadline. *Townsel v. Contra*
14 *Costa Cnty*, 820 F.2d 319, 320 (9th Cir. 1987); *In re Sheehan,* 2001 WL 682453 (9th Cir.
15 2001). Ignorance of the existence of the 120-day rule does not constitute "good cause."
16 *Townsel*, 820 F.2d at 320. The *Townsel* court expressly noted that the 120-day rule "force[s]
17 parties . . . to be diligent in prosecution their causes of action." *Id.*

18 Plaintiff had an obligation to serve Defendant Baird within 120 days after the date the
19 complaint was filed. The Complaint was filed May 29, 2012. (Doc. 8)  The filing of an
20 amended complaint generally does not restart the 120-day period. *See, e.g., Bolden v. City*
21 *of Topeka, Kansas*, 441 F.3d 1129, 1148 (10th Cir. 2006) (the 120-day period provided by
22 Rule 4(m) is not restarted by the filing of an amended complaint *except as to those*
23 *defendants newly added in the amended complaint")* (emphasis added); *McGuckin v. United*
24 *States*, 918 F.2d 811, 813 (9th Cir. 2006).

25 "Service of process is the *mechanism* by which a court [actually] acquires the power
26 to enforce a judgment against a defendant's person or property." *Robinson v. Heritage*
27 *Elementary Sch.*, 2009 WL 1578313, at *2 (D. Ariz. June 3, 2009) (emphasis in original;
28 internal quotation marks omitted) (quoting *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir.

2007)). "In other words, service of process is the means by which a court asserts its jurisdiction over the person." *Id.* (citing *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4.")).

On October 22, 2012, the Court entered an Order to Show Cause why Defendant Baird should not be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b), based primarily on Plaintiff's failure to comply with the Court's prior order requiring Plaintiff to return the service packets within 21 days. (Doc. 25) Plaintiff filed his Response to the Order to Show Cause on November 8, 2012, doc. 26, in which Plaintiff stated that he has made several attempts to locate Defendant Baird, but that he has been unable to do so. On the same day, Plaintiff filed a Motion for Leave to File a Second Amended Complaint and a Second Supplemental Complaint. (Doc 27) Plaintiff also lodged his proposed Second Amended Complaint with the Clerk of Court. (Doc. 28) In his Motion for Leave to Amend, Plaintiff claims he has obtained documentation establishing the identity of the individuals who violated his constitutional rights. (Doc. 27 at 1-2)

Ultimately, it is Plaintiff's responsibility to provide the proper address for a defendant in order to effectuate service. *Toscana v. Cambra*, 2003 WL 21432919, at *1 (N.D. Cal. June 10, 2003). Plaintiff has not provided the Court with any information regarding the steps he has taken to obtain the address of Defendant Baird, such as searching the internet, telephone books, or other public records to secure a valid current address for Defendant Baird. In an abundance of caution and after considering the content of Plaintiff's Response to the Order to Show Cause, the Court will grant Plaintiff an extension of time in which to complete service to conduct discovery in an attempt to secure the requisite information needed regarding Defendant Baird. The Court will allow Plaintiff to have until February 22, 2013 in which to either provide the last known address of Defendant Baird to the United States Marshal Service or identify the proper employee at the Arizona Department of Corrections who may be able to provide the service information needed by the Marshal Service to serve the First Amended Complaint, and/or secure the information through subpoena or otherwise.

1  Although Plaintiff is already on notice that this action may be dismissed for failure to serve
2  Defendant Baird, Plaintiff is reminded that a failure to comply with this Order may result in
3  a dismissal of this action pursuant to either Rule 4(m) or Rule 41(b), Fed.R.Civ.P.

4       The Court will deny Plaintiff's Motion for Leave to File a Second Amended
5  Complaint, doc. 27, without prejudice, for failure to comply with the District Court of
6  Arizona's Local Rules. The Court previously instructed Plaintiff that, pursuant to Rule
7  15(a)(1)(B), Fed.R.Civ.P., Plaintiff may amend his pleading once, as a matter of course "if
8  the pleading is one to which a responsive pleading is required, 21 days after service of a
9  responsive pleading. . . ." He has already amended his complaint once as a matter of course.
10 Rule 15(a)(2), Fed.R.Civ.P., further provides that "[i]n all other cases, a party may amend
11 its pleading only with the opposing party's written consent or the Court's leave." Plaintiff's
12 reason for seeking leave to amend is that he has "endeavored to be brief in his facts and
13 allegations under the impression that the plaintiff would file additional pleadings upon
14 discovery in this case . . . ." (Doc. 27 at 2)

15      In the federal court of Arizona, an amended complaint must (1) specify the basis of
16 the District Court of Arizona's jurisdiction; (2) contain a short and plain statement of factual
17 allegations to establish a plausible claim against each defendant, consistent with *Bell Atlantic*
18 *Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); (3)
19 clarify the federal and state statute(s), if any, upon which Plaintiff relies to support his
20 claims; and, (4) comply with the Rules of Practice for the District Court of Arizona ("Local
21 Rules"). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
22 claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550
23 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the
24 court to draw the reasonable inference that the defendant is liable for the misconduct
25 alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a
26 context-specific task that requires the reviewing court to draw on its judicial experience and
27 common sense." *Id.* at 679 (citation omitted). "But where the well-pleaded facts do not
28 permit the court to infer more than the mere possibility of misconduct, the complaint has

1   alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' Fed. Rule Civ. Proc.
2   8(a)(2)." *Id.*
3         Additionally, any amended complaint must comply with the Local Rules of Civil
4   Procedure ("LRCiv") 15.1. Local Rule 15.1 provides, in relevant part, that:

> A party who moves for leave to amend a pleading . . . must attach a copy of the proposed amended pleading as an exhibit to the motion . . . which must indicate in what respect if differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added. The proposed amended pleading is not to incorporate by reference any part of the preceding pleading, including exhibits.

LRCiv 15.1(a).

     Plaintiff's Motion for Leave to Amend, accompanied by the Lodged Second Amended Complaint, docs. 27-28, do not comply with LRCiv 15.1. The proposed pleading itself does not indicate how it differs from the First Amended Complaint which significantly hinders the Court's ability to compare the original and proposed amended complaint. (Doc. 28) In view of Plaintiff's failure to comply with LRCiv 15.1(a), the Court will deny his motion for leave to amend without prejudice. According to LRCiv 15.1(a), if a plaintiff seeks to amend a complaint, he or she must submit a "proposed amended pleading as an exhibit to the motion . . . which must indicate in what respect if differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1(a). It is not sufficient to identify the added or deleted text in a supporting motion; rather, the changes must be indicated on the proposed amended pleading itself. Plaintiff has not done so. The Court cannot be expected to pore through an amended complaint to determine the similarities or differences from the prior complaint. Plaintiff has already had his original complaint and his amended complaint screened by the Court. He was provided with specific service requirements. He cannot continue to attempt to evade the service requirements by filing new complaints that do not comply with the District Court's Local Rules. The Court will order the Lodged Proposed Second Amended Complaint, doc. 27, stricken from the record due to Plaintiff's failure to comply with LRCiv 15.1.

     Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint and Second Supplemental Complaint, doc. 27, is **DENIED** without prejudice**.** The Clerk of Court is kindly directed to strike Plaintiff's Lodged Proposed Second Amended Complaint, doc. 28, from the record.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **Friday, February 22, 2013,** to discover by subpoena or otherwise the service information necessary to have Defendant Baird served by the United States Marshal Service.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue and send Plaintiff two subpoenas in blank.

DATED this 28th day of January, 2013.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge