**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Curtis Evan Bivins,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>　　　　　Defendants. | No. CV-12-1097-PHX-ROS (LOA)<br><br>**ORDER** |

This action aries on two motions filed by Plaintiff: 1) Motion to Amend Order, construed as a motion for reconsideration of Magistrate Judge Anderson's January 28, 2013 Order, doc. 31; and, 2) Objections to Order and Request to Reconsider Second Amended Complaint & Second Supplemental Complaint, doc. 33.[1]

**I. Background**

On May 23, 2012, Plaintiff Curtis Evan Bivins, presently confined in the SMU I Unit, Arizona Department of Corrections, in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983,[2] an Application to Proceed In Forma Pauperis, and

---

[1] Both motions are untimely under the District Court of Arizona's Local Rules and the Federal Rules of Civil Procedure. *See* LRCiv 7.2(g)(2) and Rule 72(a) ("[A] party may serve and file objection to the [non-dispositive] order within 14 days after being served with a copy[.]"); *see also Valenzuela v. Schriro*, 2009 WL 1600685, at *1 (D. Ariz. June 8, 2009) (citing *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996)).

[2] The original version of Plaintiff's Complaint was docketed by the Clerk of Court as document 1. However, several pages of the Complaint were illegible. The Clerk of Court

an Amended Application to Proceed In Forma Pauperis. (Docs. 1, 4, 8) On initial screening, the Court dismissed Counts One, Two and Four as vague and conclusory that did not support a plausible cause of action. The Court allowed Count Three, a medical claim alleging a violation of the Eighth Amendment, to proceed against Defendants Baird and Adatutu. The Court dismissed the Eighth Amendment claim against Defendants Donnelly and Savinen. The Court further dismissed Defendant Charles L. Ryan, Director of ADOC, without prejudice. Finally, the Court denied in part and granted in part Plaintiff's request for injunctive relief. The Court denied Plaintiff's request that Defendants remove him from "improper confinement in segregation" and move him to a suitable medium custody facility to "cease their illness disability based discriminatory acts." (Doc. 12 at 9) Upon service of the Complaint, the Court ordered Defendants Baird and Adatutu to file a response to the portion of the motions for temporary restraining order and Preliminary Injunction that request Defendants "provide an adequately nutritious renal diet." (*Id.* at 11) To date, however, Defendant Baird has not been served with process.

On June 20, 2012, the Court ordered the United States Marshal Service to serve the Complaint on Defendants Baird and Adatutu, *per* 28 U.S.C. § 1915(d), advising Plaintiff "[t]he United States Marshal will not provide service of process if Plaintiff fails to comply with this Order." (Doc. 12 at 15-16) The Clerk provided Plaintiff with the forms he needed to complete and submit to the Marshal Service so that service could be effectuated. (Doc. 13)

On July 30, 2012, Plaintiff sought leave to file an amended and supplemental complaint and lodged his First Amended Complaint. (Docs. 18-19) After another mandatory screening, the Court granted Plaintiff's amendment request, dismissed Counts One and Two against all defendants without prejudice, ordered Defendant Baird to answer Count Three of the First Amended Complaint, and dismissed all remaining defendants in Count Three without prejudice. (Doc. 22) Plaintiff was forewarned that "[i]f Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and

---

received a legible copy of the Complaint on May 29, 2012, and docketed it as document 8.

1   Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days
2   of the filing of this Order, whichever is later, the action may be dismissed." (*Id*. at 11)
3   Fed.R.Civ.P. 4(m); LRCiv 16.2(b)(2)(B)(i)).

4   Instead of serving Defendant Baird with the First Amended Complaint, on
5   September 5 and 10, 2012, Plaintiff filed a Second Amended Complaint and Supplemental
6   Second Amended Complaint, without filing the requisite motion for leave of the Court to do
7   so. (Docs. 23-24) On October 22, 2012, Magistrate Judge Anderson struck the unauthorized
8   filing and ordered Plaintiff to show cause why his lawsuit against Defendant Baird should
9   not be dismissed for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P. (Doc. 25)
10  Plaintiff filed his Response to the Order to Show Cause on November 8, 2012, doc. 26, in
11  which Plaintiff stated that he has made several attempts to locate Defendant Baird, but he has
12  been unable to do so. On the same day, Plaintiff filed a Motion for Leave to File a Second
13  Amended Complaint and a Second Supplemental Complaint. (Doc. 27)

14  In his January 28, 2013 Order, Magistrate Judge Anderson explained, among other
15  things, Plaintiff's "[o]bligation to serve Defendant Baird within 120 days after the date the
16  Complaint was filed," *i.e.*, May 29, 2012, and "it is Plaintiff's responsibility to provide the
17  proper address for a defendant in order to effectuate service." (Doc. 29 at 2-3) "In an
18  abundance of caution and after considering the content of Plaintiff's Response to the Order
19  to Show Cause," Magistrate Judge Anderson granted Plaintiff an extension to February 22,
20  2013, in which to provide the last known address of Defendant Baird to the Marshal Service,
21  identify the proper employee at the Arizona Department of Corrections who may be able to
22  provide the service information needed by the Marshal Service to serve the First Amended
23  Complaint, and/or secure the information through subpoena or otherwise. (*Id*. at 3) Plaintiff
24  was again "reminded that a failure to comply with this Order may result in a dismissal of this
25  action pursuant to either Rule 4(m) or Rule 41(b), Fed.R.Civ.P." (*Id*. at 4)

26  Instead of serving Defendant Baird with the First Amended Complaint or
27  demonstrating his due diligence and good cause since Magistrate Judge Anderson's January
28  28, 2013 Order to justify yet another extension under Rule 4(m), Fed.R.Civ.P., Plaintiff filed

- 3 -

the two motions that gave rise to this Order, challenging whether he may file another amended complaint, whether he has alleged plausible claims in accordance with *Iqbal* and *Twombly*, and whether he has complied with the Federal Rules Civil Procedure and Local Rules.

**II. Discussion**

The Court has granted extensions of time for Plaintiff to serve Defendant Baird with the First Amended Complaint. Counting May 29, 2012 as the filing date, the date the Clerk of Court received a legible copy of the Complaint, this lawsuit has been pending over eleven (11) months without service of process. Besides the generous amount to time given Plaintiff to obtain service, Magistrate Judge Anderson has directed the Clerk to issue and send Plaintiff two subpoenas in blank in an effort to assist Plaintiff to obtain Defendant Baird's correct address. (Doc. 29 at 6) Despite these efforts, there is no evidence or suggestion in the record the Marshal Service has received an address for Defendant Baird from Plaintiff, much less served this defendant to date.[3]

Federal Rule Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - *must* dismiss the action without prejudice as to that defendant or order that service be made in a specified time." (emphasis added). The rule further provides that "if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." *Id*. (emphasis added). "District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). That discretion, however, is not limitless. *Id*. Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. *See In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) ("Courts have discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice."); *Townsel v. Contra Costa County, Cal.*, 820 F.2d 319, 320 (9th Cir. 1987) (affirming dismissal of

---

[3] The docket reflects that, on July 12, 2012, the summons was returned unexecuted as to former Defendant Dr. Adututu who "left DOC 02/12." (Doc. 15)

complaint where plaintiff could not show good cause for failure to serve summons and complaint within 120-day period).

The Court finds that Plaintiff has failed to request another service extension through the date of this Order, much less shown good cause for another extension of time to serve Defendant Baird. The Court further finds no basis to conclude that another extension would produce a different result. The Court has granted Plaintiff additional time to accomplish service and has provided him some assistance in his efforts to obtain Defendant Baird's address even though it is not the role of federal judges to do so. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (federal "judges have no obligation to act as counsel or paralegal to *pro se* litigants.") (citation omitted). Ultimately, however, it is Plaintiff's responsibility to effectuate service by providing Defendant Baird's proper address to the Marshal Service. Plaintiff has failed to do so. Where a *pro se* plaintiff fails to provide the Marshal Service with sufficient information to effect service of the summons and complaint within 120 days, "*sua sponte* dismissal of the unserved defendant is not an abuse of discretion." *Ellsworth v. Kendall*, 2012 WL 1831524, at *2 (D. Ariz. May 18, 2012) (quoting *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)); *see also Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir.1987) (noting that plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge"). While courts should liberally construe *pro se* pleadings, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff has been warned *multiple times* that if he did not effect service of the summons and complaint within 120 days of filing suit or by February 22, 2013, his complaint was subject to dismissal under Rules 4(m) or 41(b), Fed.R.Civ.P. (Docs. 12 at 15; 22 at 11; 25 at 3; 29 at 4) Given the 11-month delay from filing this action, Plaintiff's failure to provide Defendant Baird's address to the Marshal's Service, the generous extensions of time to effect service, and the Court's assistance to do so, the Court finds

- 5 -

1  dismissal without prejudice is warranted here for failure to serve pursuant to Rule 4(m),
2  Fed.R.Civ.P. *See Himmelberger v. Vasques*, 2009 WL 1011733 (N.D. Cal. April 15, 2009)
3  (unserved defendants dismissed *six months* after district court ordered plaintiff to either
4  provide the correct location of the unserved defendants or they would be dismissed without
5  prejudice under Rule 4(m)).

6  Accordingly,

7  **IT IS ORDERED** that Plaintiff's First Amended Complaint (**Doc. 21**) is dismissed
8  without prejudice for failure to serve process pursuant to Fed.R.Civ.P. 4(m). The Clerk of
9  the Court is directed to terminate this action.

10  **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Order, construed
11  as a motion for reconsideration of Magistrate Judge Anderson's January 28, 2013 Order
12  (**Doc. 31**), and Plaintiff's Objections to Order and Request to Reconsider Second Amended
13  Complaint & Second Supplemental Complaint (**Doc. 33**) are **DENIED** as moot.

14  DATED this 13th day of May, 2013.

_____
Roslyn O. Silver
Chief United States District Judge